24 C.C.P.A.(Patents)

## In re STUCKEY.
### Patent Appeals No. 3692.

Court of Customs and Patent Appeals.
Feb. 23, 1937.

LENROOT, Associate Judge, dissenting.

Lawrence C. Kingsland, of St. Louis, Mo. (Edmund C. Rogers, of St. Louis, Mo., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the

Primary Examiner rejecting appealed claims Nos. 13 to 16, inclusive, in appellant's application for a patent for an alleged invention relating to a combined pressure and vacuum pump for glass feeders.

Claim 13 is sufficiently illustrative. It reads:

"13. A combined pressure and vacuum pump for glass feeders comprising a cylinder closed at one end only and provided at its closed end with means for the attachment of a conduit, a piston in said cylinder, air driven means for yieldingly reciprocating said piston in said cylinder so as to create alternate plus and minus pressures within said cylinder between its closed end and the piston, means secured to the piston for engaging an abutment supported in the path of said engaging means to limit the movement of the piston, and means for relatively adjusting the said engaging means and the abutment whereby the length of stroke of the piston may be varied at will."

The references relied upon are: Lorenz et al., 494,927, April 4, 1893; Gould, 1,391,104, September 20, 1921; Schmid et al., 1,559,284, October 27, 1925.

Many matters mentioned in the arguments of counsel are not of vital importance here. It is sufficient to say that it is the contention of appellant's counsel that the references are from a nonanalogous art, and that, even combining the references, the appealed claims define invention over the prior art.

We regret that we are unable to concur in the views expressed by counsel for appellant.

The patent to Lorenz et al. relates to a pump for oil wells. It discloses a cylinder with a piston. The cylinder is closed at one end only.

The patent to Gould relates to a liquid measuring pump, and shows an air-controlled motor with a cylinder and a piston rod operating a pump piston. The stroke of the piston is limited. The pump draws gasoline and delivers it out through an orifice.

The patent to Schmid et al. relates to an apparatus for producing pulsating air pressure. It discloses a pump cylinder with a piston which draws air and exhausts the same through a pipe. The cylinder is provided with an open end.

We deem it unnecessary to discuss the decision of the Primary Examiner, which was affirmed in all particulars by the Board of Appeals.

We quote from the decision of the Board:

"The claims have been rejected on the patent to Gould in view of the patents to Lorenz et al. and Schmid et al. As pointed out by the examiner, the patent to Gould shows a pair of pistons at 20 and 41 connected by rod 23 and the admission of air on both sides of the piston at 41 for operating the piston 20 to transfer gasoline from the intake pipe at 25 to the nozzle at 50. The patent to Lorenz et al., for example, discloses a cylinder with a piston B provided with a closed end and an open end, as shown in Fig. 1. The means for operating this piston, which is similar to applicant's piston 25 and used in the same way to produce compression and expansion, is operated by a different mechanism, that is, a gear mechanism in the Lorenz patent, and it is not apparent that to substitute for the operating means for the piston shown in the Lorenz et al. patent an operating means such as shown in the Gould patent would amount to a patentably new pump structure. Reversely, to substitute the piston and cylinder structure of Lorenz et al. for the piston 20 and corresponding structure in the Gould organization would not appear to amount to invention in a pump structure."

We have given the references of record careful consideration and are of opinion that the tribunals of the Patent Office reached the right conclusion.

Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.

LENROOT, J., dissents.